[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15690
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-00076-WKW-TFM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CASEY MICHAEL DILBECK,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(September 12, 2018)

Before MARCUS, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Casey Dilbeck appeals his above-guideline sentence of eighteen months of imprisonment, followed by eighteen months of supervised release, after his supervised release was revoked pursuant to 18 U.S.C. § 3583(e)(3). On appeal, he

argues that the district court abused its discretion in imposing a procedurally and substantively unreasonable sentence when it failed to explain its variance from the guidelines range and considered improper factors.  After careful review, we affirm.

We review the sentence imposed upon revocation of supervised release for reasonableness.  United States v. Vandergrift, 754 F.3d 1303, 1307 (11th Cir. 2014).  We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007).

If a district court finds that a defendant violated a condition of his supervised release, the court may revoke the supervised release and impose a prison term. 18 U.S.C. § 3583(e). In imposing imprisonment upon revocation of supervised release, the court must consider the factors set forth in 18 U.S.C. § 3553(a). United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006).  These factors include: the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct and protect the public, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a).

In reviewing the reasonableness of a sentence imposed after the revocation of supervised release, we apply the same two-step process as we do for any other

sentence, reviewing procedural and then substantive reasonableness.  United States

v. Trailer, 827 F.3d 933, 935 (11th Cir. 2016).  We must first ensure

> the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

Gall, 552 U.S. at 51.  Notably, if the district court "decides that an outside-

Guidelines sentence is warranted, [it] must consider the extent of the deviation and

ensure that the justification is sufficiently compelling to support the degree of the

variance."  Id. at 50.  "After settling on the appropriate sentence, [the district court]

must adequately explain the chosen sentence to allow for meaningful appellate

review and to promote the perception of fair sentencing."  Id.  The district court

need not explicitly say that it considered the § 3553(a) factors, as long as the

court's comments show it considered the factors when imposing sentence.  United

States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007).

If we conclude that the district court did not procedurally err, we consider

the "substantive reasonableness of the sentence imposed under an abuse-of-

discretion standard," based on the "totality of the circumstances."  United States v.

Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008) (quotation omitted).  When a sentence

is outside the guidelines range, we "may consider the deviation, but must give due

deference to the district court's decision that the § 3553(a) factors, on a whole,

3

justify the extent of the variance." United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotation omitted). "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted). However, a court may abuse its discretion if it (1) fails to consider relevant factors that are due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing a proper factor unreasonably. United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). Also, a court's unjustified reliance on any one § 3553(a) factor may be a symptom of an unreasonable sentence. United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir. 2006). The party challenging the sentence bears the burden to show it is unreasonable. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

The relevant background is this. In 2011, Dilbeck pled guilty to two counts of falsely making, forging, counterfeiting, and altering obligations of the United States, in violation of 18 U.S.C. § 471. The district court varied downward from a guidelines range of fifteen to twenty-one months' imprisonment, sentencing Dilbeck to zero time in prison, and to sixty months' probation as to each count to run concurrently with each other. Among the conditions of his probation, Dilbeck

4

was required to refrain from illegally possessing, using, and distributing a controlled substance and from committing another federal, state, or local crime.

In June 2015, a warrant was issued for Dilbeck's arrest based on several violations of the conditions of his probation, including that he was charged with possession of cocaine and drug paraphernalia, and that he tested positive for cocaine. At the revocation and sentencing hearing, the district court recognized that at the original sentencing in 2011, the guideline range had been fifteen to twenty-one months' imprisonment, but the court had taken into account various mitigating circumstances, and "varied significantly downward and gave [Dilbeck] a five-year sentence of probation." The court noted that it was "not inclined" this time to sentence for anything less than the original range since Dilbeck had "avoided a pretty serious sentence earlier," and the court sentenced Dilbeck to eighteen 18 months' imprisonment, with six of those months in a halfway house. The court said that "because you have fallen off the wagon this time and because I know you can do it, I'm going to put you on three years of supervised release," with conditions.

In November 2017, a petition for summons was filed, alleging that Dilbeck had <u>again</u> violated the terms of his supervised release by using a device attached to his person in an attempt to falsify a drug test, and admitting to the use of cocaine. At the revocation and sentencing hearing, the district court noted that Dilbeck had

been revoked once before under supervision, and now was facing revocation again. The court recognized that "[t]he range of imprisonment applicable for revocation under the advisory guidelines is three to nine months, but the maximum term of imprisonment pursuant to 3583(e)(3) is not more than two years."  The court talked to Dilbeck at length about his history -- noting that Dilbeck had had several opportunities to get drug treatment, but had refused; that the district court had given Dilbeck breaks before; that Dilbeck had created extra work for his probation officer; that he needed to respect the law and the court's orders; that punishment was needed for him to repay his debt; that it would order treatment because, without help, Dilbeck would become a danger to himself and others; and that following the term of imprisonment, Dilbeck would initially be placed in a residential drug treatment program, and that it would recommend a drug treatment program for while Dilbeck was incarcerated.  The court told him that "[t]his is ruining my day to have to send you to jail, but I'm going to send you to jail. And then I'm going to get you some -- order some help that you can't get out of, because it's going to be residential."

Then the district court said:

So I've considered and consulted Chapter 7 of the sentencing guidelines and evaluated the reasonableness of a sentence through all of those conditions about your past history and your characteristics, your work history, your sentencing history, your drug history, all of that. I've taken that into account. I've taken into account the seriousness of the offense and the need to promote respect for the law,

6

> the need to avoid unwarranted sentencing disparities, the need for you to get treatment in the most effective manner, including treatment, apparently, for your right shoulder.
>
> So it is the judgment of the Court based on all those factors that you're committed to the custody of the Federal Bureau of Prisons to be imprisoned for 18 months. You will then be put on supervision.

The appeal from the imposition of this sentence now follows.

First, we are unpersuaded by Dilbeck's claim that the district court erred procedurally by imposing a sentence without acknowledging or explaining its upward variance from the guidelines. A district court must give an adequate explanation for imposing a variance, see Gall, 552 U.S. at 51, and the district court has done so here. As we've detailed, the court expressly acknowledged at the 2017 hearing that Dilbeck's guideline range was three to nine months' imprisonment; the court discussed at length Dilbeck's history and his need for treatment; it referenced Chapter 7 of the guidelines, which concerns revocation; it highlighted some of the § 3553 factors it had considered; and it ultimately determined that an eighteen-month prison term was warranted. In addition, in the original sentencing hearing, the district court actually imposed a downward variance, and at the second hearing, acknowledged that it had done so. Thus, although the district court did not use the term "variance" at the 2017 hearing, the record makes clear that it knew it was imposing an upward variance onto Dilbeck's sentence.

7

The lengthy record in this case also reflects that the district court more than sufficiently "explain[ed] the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Gall, 552 U.S. at 50.  As we've noted, the district court sentenced the defendant at three different sentencing hearings.  The first time, it varied downward from fifteen to twenty-one months' imprisonment, giving the defendant no prison time.  The second time, it explained that it had varied downward the first time, and that this time it would sentence him within the original range, part of which would be spent in a halfway house, and talked at length at the defendant's continued need for drug treatment.  The third time (from which this appeal is lodged), the district court repeatedly referenced Dilbeck's history of drug addiction, drug treatment, interaction with probation, disregarding court orders, and need to repay his debt.  It further emphasized his need for treatment, how he could be a danger to himself and others, and required him to go through treatment in several different ways.  We are satisfied that this discussion adequately explained the district court's decision to impose an upward variance on Dilbeck's sentence.

Nor has Dilbeck demonstrated that his sentence was substantively unreasonable.  Again, as we've already recited several times, the court specifically said that it considered Dilbeck's past history and characteristics, including his work history, his sentencing history, and his drug history.  18 U.S.C. § 3553(a)(1).

The court went on to note that it considered the seriousness of the offense, the need to promote respect for the law, the need to avoid sentencing disparities, and the need for Dilbeck to receive adequate treatment. Id. §§ 3553(a)(2)(A), (D) and (a)(6). The court also noted that it anticipated that Dilbeck would become a danger to himself and others. 18 U.S.C. § 3553(a)(2)(C). Its ample discussion of the factors as they apply to Dilbeck strongly supports the substantive reasonableness of the sentence.

Further, it was well within the court's discretion to accord more weight to certain sentencing factors, such as Dilbeck's need for treatment. Snipes, 611 F.3d at 872. And although the court placed specific emphasis on the fact that Dilbeck failed to get himself treatment while not incarcerated, it did not do so to the detriment of the other § 3553(a) factors. Crisp, 454 F.3d at 1292.

Because the district court did not impose a procedurally or substantively unreasonable sentence, we affirm.

**AFFIRMED**.